# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# <u>NORTHEASTERN DIVISION</u>

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>U.S. FISH AND WILDLIFE SERVICE,<br><br>　　　　Defendant. | CIVIL ACTION NO.<br>5:18-cv-01312-LCB |

## REPORT OF RULE 26(f) PLANNING MEETING

　　Comes now the United States of America, by and through Jay E. Town, U.S. Attorney for the Northern District of Alabama, and Margaret Lester Marshall and Jason R. Cheek, Assistant U.S. Attorneys. In addition, comes now Plaintiff Center for Biological Diversity by and through counsel Mark E. Martin, Elise Pautler Bennett, and Amy R. Atwood. The parties hereby file this Rule 26(f) Report:

　　1.　The following individuals participated in a Rule 26(f) conference on November 5, 2018, via telephone:

- Elise Pautler Bennett, representing Plaintiff Center for Biological Diversity,

- Margaret Lester Marshall, representing Defendant U.S. Fish and Wildlife Service.

2. <u>Synopsis of the Case</u>.  This is an action arising out a Freedom of Information Act (FOIA) request.  Plaintiff alleges that Defendant failed to conduct an adequate search for records and failed to disclose all records that are responsive to the Center's FOIA request by withholding responsive, non-exempt records.  Defendant maintains that it has complied with all FOIA requirements.

3. <u>Dispositive Motions</u>. The parties anticipate that all issues herein can be resolved on cross-motions for summary judgment.  On or before December 19, 2018, Defendant will file its Motion for Summary Judgment.  On or before January 26, 2019, Plaintiff will file its Opposition to Defendant's Motion for Summary Judgment and Cross-motion for Summary Judgment. On or before February 16, 2019, Defendant will file its Opposition to Plaintiff's Cross-motion for Summary Judgment and Reply to Plaintiff's Opposition.  On or before March 9, 2019, Plaintiff will Reply to Defendant's Opposition.

4. <u>Initial Disclosures</u>.  The Parties agree that because this is a FOIA case the Rule 26 provisions for initial disclosures are inapplicable.

5. <u>Discovery Plan</u>.  The Parties maintain that discovery and the Rule 26 provision for initial disclosures are inapplicable given the nature of this case and present stage of proceedings.  Cases arising under FOIA, such as this one, are usually

resolved by motion for summary judgment. *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008); *Miscavige v. IRS*, 2 F.3d 366, 369 (11th Cir. 1993); *Edwards v. Exec. Office for U.S. Att'ys*, 2010 U.S. Dist. LEXIS 25879, No. 08-cv-1956 (M.D. Fla., Mar. 19, 2010).

In a FOIA case, the government agency (not the plaintiff) bears the burden of proof that it has conducted an adequate search for responsive records and that it has withheld records lawfully, a matter which the Court decides *de novo*. 5 U.S.C. § 552(a)(4)(B). The agency typically meets its burden of proof through affidavits or declarations, which are accorded a presumption of good faith, and an index of withheld records pursuant to *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973*), cert. denied*, 415 U.S. 977 (1974). *See Miscavige*, 2 F.3d at 367-68; *see also SafeCard Servs., Inc. v. Securities & Exchange Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991). The United States maintains that "[d]iscovery is generally unavailable in FOIA actions." *Wheeler v. CIA,* 271 F. Supp. 2d 132, 139 (D.D.C. 2003). Nevertheless, discovery is warranted in some circumstances in FOIA cases. *See Miscavige*, 2 F.3d at 367-68 (11th Cir. 1993). Accordingly, discovery would take place, if at all, after the government moves for summary judgment and submits its supporting affidavits and memorandum of law.

The Parties do not anticipate the need for discovery in this case. However, in the event that Plaintiff believes, after reviewing the government's motion and

supporting declarations, that some discovery is warranted in this case in order to resolve issues of material fact, Plaintiff will immediately alert Defendant's counsel and seek to resolve the matter. If the Parties are unable to reach agreement on the issue(s), Plaintiff will file a notice of its intent to seek discovery and request a status hearing with the Court at that time.

6. <u>Expert Testimony/Witness and Exhibit Lists/Trial Date</u>. Because the Parties anticipate that all issues in this case will be resolved by cross-motions for summary judgment, the Parties view the provisions for disclosing expert testimony, for exchanging witness and exhibit lists, and for scheduling a trial date as inapplicable to this case.

7. <u>Settlement</u>. The parties have had ongoing discussions to narrow the issues in this case and are still working towards resolving this dispute. However, the parties also agree and propose to the Court that, if the parties cannot resolve the dispute by agreement, then all issues should be resolved on cross-motions for summary judgment.

| ATTORNEYS FOR PLAINTIFF: | ATTORNEY FOR DEFENDANT: |
|---|---|
|  | JAY E. TOWN<br>United States Attorney |
| */s/ Mark E. Martin*<br>Mark E. Martin<br>Tennessee Riverkeeper, Inc.<br>Alabama Bar No: ASB-9361-A41M | */s/ Margaret Lester Marshall*<br>Margaret Lester Marshall<br>Assistant United States Attorney<br>United States Attorney's Office |

| | |
|---|---|
| P.O. Box 1486 | ASB-7804-x29q |
| Oneota, AL 35121 | 1801 4th Avenue North |
| Tel: (205) 516-9350 | Birmingham, AL 35203 |
| Email: MMartin@ markemartin.com | Email: margaret.marshall@usdoj.gov |

  */s/ Elise Pautler Bennett*
Elise Pautler Bennett
FL Bar No. 106573 (admitted *pro hac vice*)
Center for Biological Diversity
P.O. Box 2155
St. Petersburg, FL 33731
Tel: (727) 755-6950
Fax: (520) 623-9797
Email: ebennett@biologicaldiversity.org

  */s/ Amy R. Atwood*
Amy R. Atwood
OR Bar No. 060407 (admitted *pro hac vice*)
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97322
Tel: (971) 717-6401
Email: atwood@biologicaldiversity.org

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 19 , 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of this filing to all attorneys of record.

<u>/s/ Margaret Lester Marshall</u>
Margaret Lester Marshall
Assistant U.S. Attorney